## SEWALL *vs.* SEWALL.

Upon the trial of a writ of right, the tenant gave in evidence a deed conveying the premises from the demandant to a third person, in order to disprove the demandant's right to recover ; and evidence was also offered to show that previous to this conveyance the tenant had verbally admitted the demandant's title as tenant in common with him, though he had, after the conveyance, denied it, claiming to hold the whole. The latter declarations, made after the conveyance, the Judge instructed the jury to disregard. And for this cause a new trial was granted, the evidence being proper for them to consider, as tending to show the intent and evince the character of his previous occupancy.

THIS was a writ of right, brought by *Stephen Sewall* against *Joseph Sewall,* upon his own seisin within twenty years, for one forty

eighth part of certain lands. The title of the demandant was regularly deduced and proved, down to *July* 19, 1827, on which day, as it appeared from a deed offered by the tenant, he had conveyed all his right, title and interest in the premises to *David Wilcox.* To show that he was disseised at the time of this conveyance and that therefore nothing passed by the deed, the demandant read the record of a partition, in the Common Pleas at *February* term, 1823, upon the petition of *John Sewall* and others, the demandant not being a party thereto, and having had no notice of its pendency, from which it appeared that the whole tract had been divided among the petitioners and others, and their parts set off in severalty, one moiety having been assigned to *John Sewall,* as his share. This part he conveyed by deed of quitclaim, dated *July* 17, 1824, to the tenant, who afterwards entered into the same. The demandant contended that these proceedings, and the entry of the tenant under *John Sewall's* deed, amounted to a disseisin ; and that not having entered at any time after the devise under which he claimed, he was ousted, and nothing passed by his deed to *Wilcox. Daniel Sewall,* Esq. testified that in eight or ten different conversations with the tenant, since the conveyance of *John Sewall* to him, he had admitted that the demandant had a right in common in some part of the demanded premises, which he wished to purchase ; but that after the making of the deed from the demandant to *Wilcox,* the tenant denied any right in the demandant, and claimed to hold the whole. It also appeared that in *October* 1830, the tenant had aliened all his right to a part of the land he bought of *John Sewall,* describing it by metes and bounds.

The demandant's counsel requested the Chief Justice, before whom the action was tried, to instruct the jury that if they believed that the tenant, *in* his conversations with the witness, intended only to admit the right of the demandant to the land, and not the fact that he had entered or was in possession as a tenant in common with him, then the demandant was disseised at the time of making his deed to *Wilcox,* and therefore nothing passed by it, and the demandant was entitled to recover. The Chief Justice declined so to instruct them ; but he did instruct them that if they believed, from

the testimony, that the tenant, after he purchased of *John Sewall*, admitted that the demandant had a common right in some part of the tract, which he was desirous of purchasing, and that from that time till the making of the deed to *Wilcox* he did not claim to hold adversely to or in defiance of the title of the demandant, but in consistency therewith, there was nothing to prevent the operation of the deed to *Wilcox*, to whom the demandant's title was thereby conveyed. He also instructed them to take no notice of that part of the testimony which related to the declarations made by the tenant after the date of the last mentioned deed.

To which instructions the counsel for the demandant filed exceptions.

*D. Goodenow* argued in support of the exceptions, and cited 3 *Bl. Com.* 179, 180.

*E. Shepley*, for the tenant, argued that his occupancy was in submission to some title in the demandant, and therefore did not defeat the operation of his deed. *Kennebec Proprietors v. Laboree*, 2 *Greenl.* 281; *Commonwealth v. Dudley*, 10 *Mass.* 406; *Wells v. Prince*, 4 *Mass.* 67; *Cook v. Allen*, 2 *Mass.* 470. The deed from *John Sewall* worked no disseisin, it being merely a conveyance of such interest as he might have in the property, and not an absolute conveyance of the fee. *Fox v. Widgery*, 4 *Greenl.* 214. Nor is the reception of the whole profits by the tenant a disseisin, he being only a tenant in common. *Barnard v. Pope*, 14 *Mass.* 438. And the seisin of a cotenant is sufficient for a devisee; *Brown v. Wood*, 17 *Mass.* 74; as well as for an heir. *Shumway v. Holbrook*, 1 *Pick.* 116.

The opinion of the Court was delivered at the ensuing term in *Cumberland*, by

MELLEN C. J. By the exceptions it appears that the title of the demandant was proved to have been good on the 19th day of *July*, 1827; but the tenant contends that on that day he sold and conveyed all his right, title and interest in the demanded premises to *Wilcox*, by his deed of that date. Unless he was disseised when he

made the deed, the title passed to *Wilcox,* and the action fails. The jury under the directions given them, have found that he was not disseised. The only question is whether they were properly instructed. *John Sewall* was seised of the tract of land assigned to him, and his title and seisin were conveyed to *Joseph,* the tenant, by deed dated *July* 17, 1826 ; *Joseph* went into possession under his deed and has ever since remained in possession. We think that the first instruction given to the jury, though not in the language as requested, nor merely of the import of it, yet that it was more comprehensive, and included the requested instruction and was more explicit and intelligible ; presenting to their minds the grounds and principles on which they were to decide the question whether the possession of *Joseph,* of the premises in question, at the time of the conveyance to *Wilcox,* amounted to and constituted a disseisin. We do not perceive any incorrectness in the foregoing instruction. The next inquiry is whether the second instruction was proper. To answer this question we must examine the testimony of *Daniel Sewall.* He stated that in eight or ten conversations with *Joseph Sewall,* since the conveyance of *John Sewall* to him, he admitted that the demandant had a right in common in some part of the demanded premises, and that he wished to purchase it ; but that after the conveyance to *Wilcox, Joseph* denied all right of the demandant and claimed to hold the whole. The admission of *Stephen's* right in common was good evidence to qualify the seisin and possession of *Joseph,* and prove that they were not adverse to, but in submission to the common seisin of *Stephen ;* and his denial had a tendency to prove, and, in fact, was proof that his possession was adverse to the title of *Stephen,* and so was a disseisin. The evidence of the above denial, however, the Judge instructed the jury to disregard, which, in effect, amounted to an exclusion of that part of Mr. *Sewall's* testimony. Now the difficulty is this. Mr. *Sewall* refers only to two dates ; namely, the time of the conveyance from *John Sewall* to *Joseph ;* and the conveyance from *Stephen* to *Wilcox ;* between which events or dates there is an interval of a year. It does not appear how long before the deed to *Wilcox* was given, the above mentioned admissions of *Joseph* were made ; or

when he began to consider himself as holding adversely to *Stephen* and openly denying his right; it might have been many months before the conveyance to *Wilcox;* and that the denial of the demandant's right had reference to his own possession and claim of the whole for months before the above conveyance was made. This, perhaps, may be an improbable fact; but being a matter of inference, it was proper for the consideration of the jury; and though a disseisin committed by *Joseph* after the deed was made, would be a fact of no importance in this cause, or in any manner affect the operation of the deed, still the excluded evidence might have been considered by the jury as explanatory of the intentions of *Joseph* before the conveyance was made and shewing him a desseisor at that time. On the whole, we are all of opinion that the last restrictive instruction was too limited and therefore incorrect.

*Exceptions sustained; verdict set aside; and new trial granted.*